# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| IN RE:<br><br>WADE C. SNIVELY,<br><br>Debtor. | ) CHAPTER 7<br>)<br>)<br>) CASE NO. 06-61521<br>)<br>) JUDGE RUSS KENDIG<br>)<br>)<br>)<br>) **MEMORANDUM OF OPINION (NOT**<br>) **INTENDED FOR PUBLICATION)** |

This matter comes before the court upon orders to appear and show cause issued to Attorney Edward P. Markovich (hereinafter "Markovich") and Wade Snively (hereafter "Debtor") on January 5, 2007 and an earlier order to appear and show cause issued to Debtor on September 19, 2006.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor filed a chapter 7 petition (Case No. 06-60981) on June 14, 2006. A notice of deficiency and order to show cause was issued on July 10, 2006, after Debtor failed to file his employee income records and Declaration Re: Electronic Filing (hereafter "Declaration"). A response date of August 7, 2006 was included in the notice of deficiency and order to show cause and the notice stated that, if no response was received, "the court will find sufficient cause to dismiss the case." Because Debtor failed to comply with the notice of deficiency and order to show cause, the case was dismissed on August 8, 2006.

On August 18, 2006,[1] Debtor filed a second chapter 7 petition (Case No. 06-61521), with schedules identical to those filed in the first case. Because Debtor again failed to file his

---
[1] Subsequent to Debtor's second individual filing, the corporation Ohio Fastener & Tool filed a chapter 7 petition. According to the corporate resolution, Debtor is the president of this corporation.

employee income records and Declaration, the court issued a notice of deficiency and order to show cause on September 19, 2006. A hearing was held on the notice of deficiency and order to show cause because Michael Demczyk, chapter 7 trustee (hereafter "Trustee"), appeared and argued against the dismissal of the case. The Trustee argued that Debtor's continual filing of cases and failure to file required documents was an abuse of the bankruptcy process and sought to examine Debtor at the 341 meeting of creditors. On October 26, 2006, the court entered an order keeping the chapter 7 case open for further administration. A second notice of deficiency and order to show cause was issued on December 12, 2006. This notice was subsequently amended on January 5, 2007 and ordered Debtor to satisfy the deficiencies (failure to file employee income records and failure to file Declaration) or appear at a hearing to avoid the imposition of sanctions. Simultaneously, the court issued an order to show cause for Markovich and ordered him to satisfy the noticed deficiencies or appear at a hearing to avoid the imposition of sanctions.

Debtor, Markovich and Trustee appeared at a hearing on January 22, 2007. Markovich indicated that Debtor would not sign a Declaration in the second case because he felt his mission in filing the bankruptcy petition had failed. Markovich also stated that Debtor gave him permission to file the second case, but admitted that Debtor did not actually sign the petition in the second case because the schedules were identical to those in the first case. The Trustee argued that the case should be kept open because there are likely assets to distribute to creditors and Debtor's testimony at the 341 meeting of creditors indicated that he understood and intended to file the second bankruptcy petition. When the court inquired as to why Debtor would not and did not sign a Declaration in the first case, Markovich expressly stated that the Declaration was filed in the first case. At the conclusion of the hearing, the court gave the Trustee until February 8, 2007 to file the applicable portions of the transcript from the meeting of creditors and Markovich until February 22, 2007 to file a response thereto. The Trustee filed the transcript on January 26, 2007 in which Debtor indicated that he authorized the filing of the second case. Markovich did not file a response.

The court reviewed the first case and found that, contrary to Markovich's assertion, the Declaration was not filed in the first case. The court contacted Markovich at the end of February and informed him that the Declaration was not filed in the first case and specifically told Markovich that he needed to file (1) the Declaration for either the first or second case or (2) the signed petition for either the first or second case. Markovich indicated that he would fax the documents to the court. On March 1, 2007, the court received a fax from Markovich containing the signed petition and statement regarding authority to sign and file petition for Ohio Fasteners & Tool, Inc. The court again contacted Markovich to inform him that the court sought documents for Debtor's individual chapter 7 cases, not the corporate case. Markovich indicated that he could not find the signed petition or Declaration for Debtor's first or second individual case. However, Markovich stated that Debtor would be willing to sign the Declaration for the first case the next week. The court advised Markovich that he should either fax or personally deliver the Declaration to the court the following week. As of April 13, 2007, no Declaration has been received yet.

# DISCUSSION

A. <u>Markovich's Failure to File Documents</u>

Rule 5005 allows bankruptcy courts to "permit documents to be filed, signed or verified by electronic means . . . " Fed. R. Bankr. P. 5005(a)(2). Pursuant to this rule, the Northern District of Ohio bankruptcy courts require documents to be filed through the Electronic Case Filing (hereinafter "ECF") system. The electronic filing of documents in this district is subject to the court's CM/ECF Administrative Procedures Manual (hereinafter "APM"), effective October 1, 2002 (latest revision on February 6, 2007). Electronic Case Filing (ECF) Administrative Procedures Manual – United States Bankruptcy Court N.D. Ohio (2002). Since the court requires attorneys to file documents electronically, attorneys are expected to maintain and produce the originals upon request. General Order 02-02 states that: "Federal Rules of Bankruptcy Procedure 5005(a)(2), 9011, 9029 and 9036 . . . authorize this court to establish practices and procedures for filing, signing, maintaining, and verifying pleadings and papers by electronic means." The APM states: "any document requiring the debtor's signature shall first be signed by the debtor, followed by the electronic submission of a copy of the document with the debtor's signature indicated as /s/name." APM at 7. Further, the APM states that "any documents bearing the handwritten signature of the user, or the handwritten signature of any signer on whose behalf the user files such documents, shall be maintained by the user for a period of one year following the closing of the case." APM at 6. This requirement is necessary to maintain the integrity of the filing process and assures that the original purpose of the signature requirement (verifying that facts set forth are correct) is maintained. See Briggs v. LaBarge (In re Phillips), 317 B.R. 518, 523 (B.A.P. 8th Cir. 2004).

The Declaration is particularly important as it is the vehicle through which a debtor gives consent to the attorney to file the petition and, through the Declaration, a debtor certifies that he or she has signed the petition and that the attorney has a copy of the signed petition with original signatures. Pursuant to the terms of the APM, Markovich was required to retain the petition with original signatures for one year after the case was filed and was required to have Debtor sign and submit his Declaration.

When an attorney receives a CM/ECF password, he or she is obligated to sign the "Attorney Registration Form and User Agreement." The form states, in pertinent part, "[b]y submitting this registration form, the undersigned agrees to abide by the following . . . (4) The provisions of the Court's 'Electronic Case Filing (ECF) Administrative Procedures Manual,' as it may be modified from time to time, are incorporated by reference into this agreement." Further, the registration form states that "[a] registered attorney's system eligibility may be restricted or revoked for any of the following reasons…failing to submit documents requiring the debtor's signature within the requisite time period…[and] failing to comply with any of his/her other obligations set forth in this agreement."

In this case, Markovich failed to abide by the procedures set forth in the APM and has, despite repeated opportunities given to him by the court, failed to submit documents requiring Debtor's signature within the requisite time period. Accordingly, the CM/ECF user access of

Edward P. Markovich is hereby indefinitely revoked as of the date of the entry of the accompanying order.

   B. <u>Intent to File</u>

Bankruptcy courts are "courts of equity, and equity holds that substance will prevail over form." <u>In re Koliba</u>, 338 B.R. 39, 43 (Bankr. N.D. Ohio 2006). Here, Debtor makes no argument that he did not intend to file the second chapter 7 petition. Further, the transcript submitted by the Trustee demonstrates that Debtor intended to file the second chapter 7 case. Debtor indicates that he was aware that Markovich was going to refile the case "because the original case had been dismissed." Transcript of October 31, 2006 Meeting of Creditors at 3. Though Debtor did not specifically sign the petition, he was aware of Markovich's intent to file the second chapter 7 petition. <u>Id.</u> at 4. Debtor stated that he trusted Markovich to file the petition and refiled in order to "preserve the interest with the theft of some other money." <u>Id.</u> at 5. Debtor intended to file the second chapter 7 petition, despite Markovich's failure to timely submit signature documents. The transcript indicates that Debtor stated, under oath, it was his intent to file the second chapter 7 case. Further, Debtor has not filed a motion to dismiss the case. Accordingly, with regards to the portion of the show cause orders requiring action to prevent dismissal, the show cause orders are satisfied.

/s/ Russ Kendig
_____
**Judge Russ Kendig**
**U.S. Bankruptcy Judge**

MAY 1 - 2007

## Service List

Edward P. Markovich
209 S. Main Street Suite 712
P.O. Box 80130
Akron, OH 44308-0130

United States Trustee
Howard Metzenbaum U.S. Courthouse
201 Superior Ave.
4th Floor, Suite 441
Cleveland, OH 44114

Michael V. Demczyk
P.O. Box 867
12370 Cleveland Ave. NW
Uniontown, OH 44685

Wade C. Snively
1215 Housel St. South
Canton, OH 44707